### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS J. EDWARDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No.: 23-2015-CSB |
| | ) |
| | ) |
| **J. EK,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### MERIT REVIEW ORDER

**COLIN S. BRUCE, U.S. District Judge:**

Plaintiff Dennis J. Edwards, proceeding *pro se*, is an IDOC inmate who is currently being housed at the IDOC's Danville Correctional Center ("Danville"). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of Plaintiff's claims contained within his Complaint. The Court is required by 28 U.S.C. § 1915A to "screen" a plaintiff's complaint and, through such process, to identify and to dismiss any legally insufficient claim or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

1

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Therefore, the Court will dismiss his Complaint

The problem with Plaintiff's Complaint is not that he may not possess a claim upon which relief can be granted. Plaintiff may, in fact, possess a claim for deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights.

The problem is that Plaintiff has not named a proper Defendant, at least not a Defendant who was (allegedly) personally involved in depriving him of his Constitutional rights.

Plaintiff has named four Defendants in his Complaint. As for the Administrative Review Board ("ARB"), the ARB is not a person who is amenable to suit under 42 U.S.C. § 1983. *Jordan v. Lashbrook*, 2019 WL 1282327, * 3 (S.D. Ill. Mar. 20, 2019)(citing *Toledo, Peoria & Wester R. Co. v. State of Ill. Dep't of Transp.*, 744 F.2d 1296, 1298 (7th Cir. 1984). Therefore, the ARB is not a proper Defendant to this suit.

As for Wexford Health Sources, Inc. ("Wexford"), Wexford is a private corporation. Thus, Wexford can only be held liable under 42 U.S.C. § 1983 if it had an unconstitutional policy or practice which caused the alleged Constitutional deprivation. *Woodward v. Correctional Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Plaintiff has not alleged any facts that would demonstrate that Wexford maintained an unconstitutional policy or practice that violated his Constitutional rights. Therefore,

Plaintiff's Complaint fails to state a claim against Wexford upon which relief can be granted.

Finally, Plaintiff has named Dr. J. Ek and Danville Warden Felicia Adkins as party Defendants. However, Plaintiff has not alleged facts demonstrating that they were personally involved in depriving Plaintiff of any Constitutional right. To be held liable under § 1983, an individual must be personally involved in the actions or inactions that violated the plaintiff's Constitutional rights. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.")(internal quotation omitted). Both Dr. Ek and Warden Adkins were late arrivals to the ten-year tale of the neglect of his double hernia alleged by Plaintiff. But according to Plaintiff, Dr. Ek approved his hernia surgery, and he has not alleged any facts showing the Warden Adkins interfered with or was involved in the delay of his hernia surgery.

Instead, it appears that Plaintiff sued Dr. Ek and Warden Adkins because they were "in charge" when he filed his Complaint. As noted above, simply being in charge is not a basis upon which to hold a defendant liable under § 1983. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Accordingly, Plaintiff's Complaint fails to state a claim against Dr. Ek and Warden Adkins upon which relief can be granted.

Nevertheless, the Court will give Plaintiff an opportunity to try to amend his Complaint in order to state a claim upon which relief can be granted before dismissing this case. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013)(citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011)("[A] plaintiff ordinarily retains the

3

ability to amend his complaint once as a matter of right, even after a court grants a motion to dismiss.")). If he files an amended complaint, Plaintiff must allege facts demonstrating who violated his Constitutional rights and how that person(s) violated his Constitutional rights. Plaintiff may not simply set forth a litany of wrongs committed against him without any factual context to his assertions, nor may he simply submit grievances in lieu of an amended complaint.

Moreover, Plaintiff may not allege unrelated claims in a single amended complaint. If his claims are unrelated to one another, Plaintiff must assert those claims in separate suits.

**IT IS, THEREFORE, ORDERED:**

1. **Plaintiff's Complaint is dismissed because it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; Fed. R. Civ. Pro. 12(b)(6).**

2. **Plaintiff is given leave to file a proposed amended complaint that complies with the dictates of this Order.**

3. **Plaintiff should file his proposed amended complaint within thirty (30) days from the date of this Order.**

4. **If Plaintiff fails to do so timely, the Court will dismiss this case.**

Entered this 6th day of March, 2023

                                                  /s Colin S. Bruce
                                                     COLIN S. BRUCE
                                       UNITED STATES DISTRICT JUDGE